IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| DEONTAE CALDWELL, <br> TDCJ-CID No. 01903202, <br><br> Plaintiff, <br><br> v. <br><br> BRITTNEY MILLER *et al.*, <br><br> Defendants. | § § § § § § § § § § § | 2:19-CV-019-Z-BR |

### MEMORANDUM OPINION AND ORDER
### DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants (ECF No. 3) ("Complaint"), filed January 23, 2019. Plaintiff filed suit *pro se* while incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

#### FACTUAL BACKGROUND

Plaintiff, a repeat filer in this Court, once again makes claims that are difficult to piece together. ECF No. 3 at 4–13. Plaintiff's claims in this lawsuit overlap his claims in another lawsuit in this Court: Case No. 2:19-cv-018. In that case, Plaintiff alleged TDCJ staff spread misinformation about Plaintiff and his family by "walkie talkie." *See Caldwell v. Ramirez*, No. 2:19-cv-018. In this lawsuit, Plaintiff lists additional TDCJ personnel who he alleges engaged in this behavior. ECF No. 3 at 3–4.

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

A complaint that duplicates claims asserted in an earlier action may be deemed malicious and subject to summary dismissal. *See Brock v. Cockrell*, No. 3-03-CV-0340-M, 2003 WL 21418792 at *1 (N.D. Tex. Mar. 26, 2003). Plaintiff's lawsuit is duplicative of the previous lawsuit identified herein. Consequently, Plaintiff's claims against Defendants should be summarily dismissed as duplicative under 28 U.S.C. § 1915A(b). *See also Pitman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.). The Court **DISMISSES** Plaintiff's Complaint as frivolous **WITH PREJUDICE**.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

**CONCLUSION**

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous.

**SO ORDERED.**

February 18, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE